UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) ) C.R. No. 21-00054-MSM-LDA |
| JOAQUIN FABIAN, Defendant. | ) ) ) ) ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Defendant Joaquin Fabian ("Fabian"), who is serving a 50-month prison sentence, seeks compassionate release under 18 U.S.C. §3582(c)(1)(A), as amended by the First Step Act ("FSA") 115 P.L. 391, 132 Stat. 5194, 2018 Enacted S. 756, 115 Enacted S. 756 (ECF No. 41). The FSA permits a court to reduce a term of imprisonment, after administrative remedies are exhausted and if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* The Government objects to the Motion on three grounds; first, that Mr. Fabian has not met the exhaustion requirement of the FSA; second, that the grounds that the defendant has raised do not present extraordinary and compelling reasons permitting the requested relief; and finally, that a reduction is not appropriate when examining the sentencing factors set forth in 18 U.S.C. §3553(a).

## I. BACKGROUND

Mr. Fabian was initially charged in this case by a six-count indictment. The most serious charge was Count VI which charged possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §924(c). That charge carried a mandatory sixty-month sentence to be served consecutive to any sentence on the drug trafficking offenses also charged. On December 6, 2021, pursuant to an agreement with the government, the defendant pleaded guilty to three of the counts in the indictment. In exchange, the government agreed to dismiss the remaining counts – including Count VI. Both Mr. Fabian and the government sought this court's approval of a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On April 4, 2022, the Court accepted the plea agreement and imposed the jointly recommended sentence of 50 months of incarceration to be followed by three years of supervised release. Thereafter, on April 4, 2023, Mr. Fabian filed the instant motion.

## II. STANDARD OF REIVIEW

Under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13, after a defendant has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reason warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G.

§ 1B1.13; *see also United States v. Saad*, No. CR 16-035-JJM-PAS, 2022 WL 35806, at *1 (D.R.I. Jan. 4, 2022).

### III. DISCUSSION

#### A. Exhaustion

In his petition to this Court Mr. Fabian has reiterated his medical claims as a basis for his requested relief. In addition, he now alleges that he has received negligent medical care while incarcerated at the Bureau of Prisons, has made extraordinary efforts to rehabilitate himself, has suffered under the particularly harsh conditions of confinement, and has family circumstances that warrant relief. (ECF No. 41). While exhaustion of his administrative remedies is a statutory prerequisite to the Court's consideration of a motion for compassionate release, the exhaustion requirement is not jurisdictional. "A rule is jurisdictional only if Congress has 'clearly state[d] that a prescription counts as jurisdictional,' and 'when Congress does not rank a prescription as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'" *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022) (quoting *Fort Bend Cnty v. Davis* 139 S.Ct. 1843, 1850 (2019)). The *Texeira-Nieves* Court considered whether the failure to exhaust administrative claims under the FSA specifically is jurisdictional and declared that it is not.

> To be sure, some district courts have questioned whether the administrative exhaustion requirement for prisoner-initiated compassionate-release motions is jurisdictional. . . . In our judgment, however, this exhaustion requirement is not a jurisdictional limitation: as several circuits previously have held, it is a non-jurisdictional claim-processing rule. See *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (per curiam) (collecting cases).

This Court, therefore, will address Mr. Fabian's motion including his more recent claims.

### B. Extraordinary and Compelling Reasons

The role of the District Court in assessing compassionate release motions is to determine whether "the defendant's situation constitutes the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (quoting *United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990)). Mr. Fabian argues that his medical conditions combined with negligent medical care and harsh conditions of confinement, as well as with his extraordinary efforts at rehabilitation and family circumstances, constitute the type of extreme hardship that warrants compassionate release. While Mr. Fabian suffers from asthma and obesity, it is clear from the records provided that his asthma has been under control during his commitment to the Bureau of Prisons. He has seen clinicians regularly and has not experienced an asthma attack during his incarceration. At times he has gone months without the need to rely on his inhaler and his asthma is described as well-controlled and mild.

The defendant carries the burden on a motion for compassionate release. *United States v. Miamen*, Cr. No. 18-130-1 WES, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421 (S.D.N.Y. 2020)). Mr. Fabian argues that the conditions under which he has had to serve his sentence during the COVID-19 pandemic constitute harsh conditions that create a circumstance warranting his early release. However, the facility at which he is

4

housed currently has a low level of COVID in the institution and the surrounding community.[1] While COVID-19 is still a threat, the conditions that exist today at prisons are nothing like the extreme measures that were necessary at the beginning of the pandemic. In fact, at the time of Mr. Fabian's sentencing the pandemic was in its third year and vaccines were widely available. The existence of COVID-19 does not create the level of hardship that it did in 2020 and 2021 and cannot support a claim of extraordinary hardship.

This Court reviews Motions for Compassionate release holistically and considers all asserted circumstances. *United States v. Trenkler*, 47 F.4th 42, 49-50 (1st Cir. 2022). Yet the Court is not vested with unlimited discretion in evaluating whether the defendant has put forward an extraordinary and compelling reason justifying his release. To determine whether the circumstances in any case are extraordinary and compelling and warrant compassionate release, the Court relies on the plain meaning of the words. *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st. Cir. 2021).

> The plain meaning of "extraordinary" suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. See Webster's Third New International Dictionary of the English Language Unabridged 807 (1981) (defining "extraordinary" as "going beyond what is usual, regular, common, or customary"); see also *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (suggesting that such reason must be "most unusual," "far from common," or "hav[e] little or no precedent"). By the same token, the plain meaning of "compelling" suggests that a qualifying reason must be a reason that is both powerful and convincing. See Webster's Third, supra at 462 (defining "compelling" as "forcing, impelling, [or]

---

[1] BOP: COVID-19 Modified Operations Plan & Matrix

5

>driving [circumstance]" and as "tending to convince or convert by or as if by forcefulness of evidence"); see also *Hunter*, 12 F.4th at 562.

*Id.* at 566-67.   Mr. Fabian has presented no circumstances that could fairly be deemed to be extraordinary and compelling.  His health conditions are well managed within the Bureau of Prisons and are not so extraordinary that continued care within the institution would be impossible.   COVID-19 is a much-reduced threat within the institution where he is housed, particularly given his vaccination status.[2] Mr. Fabian argues that the Court should consider his work toward rehabilitation while in BOP custody in support of his compassionate release motion.  But Congress explicitly directed that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).  While his rehabilitation is commendable, and his efforts will certainly help him when he is released after finishing his sentence, his work in that area is not extraordinary.  Finally, Mr. Fabian's family circumstances present difficulties but do not constitute extraordinary and compelling circumstances; and in fact, they constitute the type of family impact that incarceration causes to many families.

The Court, having found that extraordinary and compelling circumstances do not exist, is not required to go further in its analysis.  However, it is mindful of the First Circuit's admonition that appellate review is made easier when "the district court takes the additional step of reviewing the appropriate § 3353(a) factors as of this time. *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

---

[2] The government disputes Mr. Fabian's claim that he has been vaccinated against Covid-19 but the court credits Mr. Fabian's claim on that matter.

In this case, consideration of the 3553(a) factors also suggests that a reduction in his sentence would be inappropriate for Mr. Fabian. The instant offense involved the trafficking of and fentanyl and cocaine as well as the possession of a firearm and ammunition. This conduct followed a prior drug trafficking conviction. The sentence that Mr. Fabian received was well below the advisory guideline range and resulted from bargaining with the government in exchange for the dismissal of other charges, including one carrying a mandatory sentence of five years consecutive to the sentence imposed on the drug trafficking crime. The Court accepted this sentence as a good application of the statutory sentencing factors.

The distribution of fentanyl presents a special danger to the community and has contributed to the overdose crisis experienced in this District as well as around the country. A reduction in sentence at this time would undermine the goals of punishment, protection of the public, and deterrence that underlay the sentence he received.

For these reasons Mr. Fabian's Motion for Compassionate Release (ECF No. 41) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

December 6, 2023