UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) )   ) |
| v. | ) ) C.R. No. 21-0054-MSM -LDA ) |
| JOAQUIN FABIAN | ) ) ) |

ORDER

Mary S. McElroy, United States District Judge.

Joaquin Fabian is before the court seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the Federal Sentencing Guidelines. (ECF No. 50). On April 4, 2022, Mr. Fabian was sentenced to 50 months of incarceration concurrently on the three counts of the indictment to which he had pled guilty, the remaining counts were dismissed.

With his current motion Mr. Fabian seeks to have his guideline range recalculated because of changes to the way criminal history points are counted for defendants who are under a criminal justice sentence at the time of the offense charged. In the calculation of his original guideline range, two points were added to the criminal history calculation pursuant to § 4A1.1(d) of the Federal Sentencing Guidelines because Mr. Fabian committed the instant offense while he was on probation for a previous offense. (ECF No. 33.) That resulted in a total of four criminal history points and a criminal history category of III. With a total offense level of twenty-seven and a criminal history category of III his advisory guideline

range was 87 to 108 months of incarceration.

"Part A of Amendment 821 limits the overall criminal history impact of "status points" (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status) under § 4A1.1 (Criminal History Category)." 88 FR 60534, 605352023. The changes to calculating criminal history were made retroactive at the time they were implemented in November 2023.

A recalculation of Mr. Fabian's criminal history under the current guidelines would result in an unchanged offense level. His criminal history category would be reduced from III to II. This change would result in a reduction in his guideline range from 87 to 108 months of imprisonment to a range of 78 to 97 months of imprisonment. However, § 1B1.10(b)(2)(A) of the Guidelines directs that the court shall not reduce the term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range. Because the sentence that Mr. Fabian received was below the low end of the amended range, he is not eligible for a reduction in sentence.

For that reason, Defendant's motion is DENIED.

IT IS SO ORDERED.

*[signature: Mary S. McElroy]*

Mary S. McElroy
United States District Judge

May 13, 2024